FILED
2016 Feb-17  AM 09:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **SAMANTHA DENISE POUNDS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:14-CV-1785-VEH** |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| **COMMISSIONER, SOCIAL** | ) | |
| **SECURITY ADMINISTRATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

## I.   INTRODUCTION

Samantha Denise Pounds ("Pounds") brings this action under 42 U.S.C. § 405(g), Section 205(g) of the Social Security Act. She seeks review of a final adverse decision of the Commissioner of the Social Security Administration ("Commissioner"), who denied Pounds's application for a determination of disability and disability insurance benefits ("DIB"). Pounds timely pursued and exhausted her administrative remedies available before the Commissioner. The case is thus ripe for review under 42 U.S.C. § 405(g). The court has carefully considered the record and, for the reasons that follow, finds that the decision of the Commissioner is due to be **REVERSED** and **REMANDED.**

## II.   <u>FACTUAL AND PROCEDURAL HISTORY</u>

Plaintiff was thirty-three years old at the time of the ALJ's decision (Tr. 119). She completed four or more years of college (Tr. 151), and worked as an information technology specialist (Tr. 61). Pounds filed an application for disability insurance benefits under Title II of the Social Security Act on June 2, 2011. (Tr. 66, 119-121). This application was denied initially by the State Agency, and Plaintiff requested a hearing before an Administrative Law Judge (ALJ) on September 16, 2011. (Tr. 75-76). A hearing was held on behalf of Plaintiff on October 18, 2012. (Tr. 38-65).

The ALJ denied disability benefits to Plaintiff on November 19, 2012, concluding that Plaintiff did not have an impairment or a combination of impairments listed in, or medically equal to one listed in, the Regulations. (Tr. 26-27). The ALJ found that Plaintiff retained the residual functional capacity to perform work at the light level of physical exertion and that there would be jobs available in the economy that would accommodate Plaintiff's residual limitations. (Tr. 27-32).

This became the final decision of the Commissioner of the Social Security Administration (Commissioner) when the Appeals Council declined to grant review of the ALJ's decision on June 9, 2014. (Tr. 9-12). Having exhausted all administrative remedies, Plaintiff filed this action for judicial review in Federal Court pursuant to §205(g) of the Social Security Act, 42 U.S.C. §405(g) on September 17, 2014. (Doc.

2

1). Pounds filed her brief, doc. 7, and the Commissioner filed hers. (Doc. 10). Accordingly, the motion is now under submission.

## III.   **STANDARD OF REVIEW**

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id*.

This court must uphold factual findings that are supported by substantial evidence. However, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d

1143, 1145-46 (11th Cir. 1991).

## IV.   STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder. The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1)   whether the claimant is currently employed;

(2)   whether the claimant has a severe impairment;

(3)   whether the claimant's impairment meets or equals an impairment listed by the [Commissioner];

4

(4)     whether the claimant can perform his or her past work; and

(5)     whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). The sequential analysis goes as follows:

> Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

*Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Id*.

## V.   ALJ FINDINGS

After consideration of the entire record, the ALJ made the following findings:

1.     The claimant meets the insured status requirements of the Social Security Act through September 30, 2013.

2.     The claimant has not engaged in substantial gainful activity since November 8, 2010, the alleged onset date (20 CFR 404.1571 *et seq*.).

3.     The claimant has the following severe impairments: asthma, migraines, Type II insulin dependent diabetes, hypertension,

recurrent major depression, and an anxiety disorder (20 CFR 404.1520(c)).

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she should not climb ladders, ropes or scaffolds and can occasionally climb ramps and stairs. She should avoid even moderate exposure to unprotected heights. She is capable of understanding, remembering, and carrying out short and simple instructions, but would not be able to carry out detailed or complex instructions. She can maintain attention and concentration for 2-hour periods or short simple instructions with customary work breaks.  She functions best in a well-spaced environment. Public contact, as well as contact supervisors and co-workers should be casual. Workplace changes should be infrequent and gradually introduced.

6.  The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7.  The claimant was born on August 3, 1979 and was 31 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8.  The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from November 8, 2010, through the date of this decision (20 CFR 404.1520(g)).

(Tr. 25–31).

## VI.   ANALYSIS

The court may reverse a finding of the Commissioner only if it is not supported by substantial evidence. 42 U.S.C. § 405(g). "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).[1] However, the court "abstains from reweighing the evidence or substituting its own judgment for that of the [Commissioner]." *Id.* (citation omitted).

Pounds makes two arguments in support of reversal. First, that the "ALJ failed to properly consider listing 3.03B of the regulation's listing of impairments." Second, she argues that "the ALJ failed to properly consider the opinion of plaintiff's treating physicians." The first argument is persuasive; the second is not. This case is due to be

---

[1] *Strickland* is binding precedent in this Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981).

**REVERSED** and **REMANDED** to the Commissioner of Social Security.

A.   <u>The ALJ Failed to Adequately Consider Pounds's Asthma Under 3.03B</u>

Meeting one of the listed impairments, found at 20 C.F.R. Pt. 404, Subt. P, App. 1, results in conclusive determination of disability. *Ambers v. Heckler*, 736 F.2d 1467, 1469–70 (11th Cir. 1984). "The listings set out at 20 CFR pt. 404, subpt. P, App. 1 (pt. A) (1989), are descriptions of various physical and mental illnesses and abnormalities, most of which are categorized by the body system they affect." *Sullivan v. Zebley*, 493 U.S. 521, 529–30 (1990). "For a claimant to show that his impairment matches a listing, it must meet <u>all</u> of the specified medical criteria." *Id.* at 530 (emphasis added). "To "meet" a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002).

Listing 3.03 is for Asthma, and under 3.03B, a claimant is automatically disabled when she suffers asthma attacks "[1] in spite of prescribed treatment and [2] requiring physician intervention, [and 3] occurring . . . at least six times a year." 20 C.F.R. Pt. 404, Subt. P, App. 1. Asthma attacks, in turn, are "[1] prolonged symptomatic episodes lasting one or more days and [2] requiring intensive treatment." *Id.* Intensive treatment is defined, in relevant part, as "antibiotic administration or

prolonged inhalational bronchodilator therapy in a hospital, emergency room or equivalent setting." *Id.* "Prolonged symptomatic episode" is not defined. The attacks are counted during a period of 12 consecutive months, and an in-patient hospitalization for longer than twenty-four hours counts as two attacks.

The ALJ considered Pounds's asthma to be severe, but he also concluded (without much fanfare) that it did not meet 3.03. (*See* Tr. 26) ("The claimant's asthma . . . [has] not been shown to impose limitations as mentioned in listing[] 3.00."). When calculating her RFC, the ALJ dismissed Pounds's asthma by saying that it is "responsive to treatment and has never required intubation by a physician" by citing to exhibits 1F through 21F—over 1100 pages of evidentiary material. (Tr. 29).  He further noted that on a single visit to a doctor in July of 2011, her lungs were clear. (*Id.*).

The three chief problems with the ALJ's discussion of the issue are that he conducted no analysis to determine whether Pounds's asthma met Listing 3.03, Listing 3.03B does not require intubation, and the record shows repeated emergency room and inpatient treatment for her Asthma. To put the third point more directly, the evidence strongly suggests that Springer's asthma <u>does</u> meet the Asthma listing. First, the ALJ must explain the evidence he considered and the weight assigned to it, because "the grounds upon which the administrative agency acted [must] be clearly disclosed and

9

adequately sustained." *S.E.C. v. Chenery Corp.*, 318 U.S. 80, 94 (1943). Second, intubation is not the same as "antibiotic administration or prolonged inhalational bronchodilator," the listing's actual requirements.

As to the third issue, the actual evidence in the case, it appears that, in spite of her prescribed treatment,[2] Pounds had asthma attacks requiring physician intervention at least six times between December 2010 and December 2011. On December 14, 2010, she visited the emergency room for acute asthmatic bronchitis and asthma exacerbation, and she was treated with Albuterol/Atrovent Nebulizer and Solumedrol IV. (Tr. 716). Ditto for February 9, March 8, May 2, July 7, and July 27, 2011. (Tr. 680, 668, 657, 643, 633). At each of these visits, she was given Albuterol, which is an inhalational bronchodilator. Needless to say, it was administered in an emergency room setting.[3] On December 15, 2010, she was admitted for two days due to asthma. (Tr. 694–95). Pounds was admitted on March 20, 2011 and remained until the 23rd for an asthma attack. (Tr. 229–31). She was admitted on an inpatient basis on August 3, 2011 until August 5 for asthma. (Tr. 1013). She received Albuterol Nebulizer

---

[2] The Commissioner argues that the Pounds has not shown that she complies with her course of treatment. Dr. Estock made a similar hypothesis in his RFC assessment. (*See* tr. 1055). But, Pounds testified that the nebulizer is not enough to treat the asthma, tr. 48, and the ALJ did not explain why he (apparently) discredited this testimony.

[3] The records do not neatly reflect whether Pounds received the inhalational bronchodilator for a "prolonged" period, but there was enough smoke on this issue for the ALJ to at least consider whether there was fire.

treatments, Solumedrol IV, and a course of antibiotics during her inpatient visits.

When asked why she goes to the emergency room so much, she responded because "the nebulizer, it's, it's not enough to treat the asthma." (Tr. 48). William Meador, M.D., a consulting physician, diagnosed Pounds with "significant asthma." (Tr. 623). Dr. Sellman, in the RFC assessment, noted that the record reflected severe persistent asthma. (Tr. 1057). The record certainly documents Pounds's asthma "in sufficient detail to permit an independent reviewer to evaluate the severity of the impairment," 20 C.F.R. Pt. 404 Subpt. P App. 1, but the ALJ offered little in the way of analysis, leaving this court with no way of knowing whether he considered all the evidence in executing his duty to consider whether the claimant meets a listing. *See Todd v. Heckler*, 736 F.2d 641, 642 (11th Cir. 1984) (duty to consider whether the claimant's impairments meet a listing). On this ground, the case must be **REMANDED** for further consideration.

### B.     The ALJ Did Not Err in His Treatment of the Physicians' Opinions

There are a few points worth noting about Pounds's objections to the ALJ's handling of the medical sources. First, Nurse Oden is not an acceptable medical source, 20 C.F.R. § 404.1513(a), to say nothing of the conclusory nature of her statement that would preclude its use <u>even if</u> she were an acceptable source. *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2003) (the ALJ may disregard

a treating source's opinion when it is conclusory). Second, as to Dr. Myers, the ALJ actually found that Pounds is somewhat more limited than Dr. Myers believed, tr. 30, undermining Pounds's use of selective quotation to suggest disability.[4] Third, SSR 96-5p, which included a recontact requirement, has been superseded, *see* How We Collect and Consider Evidence of Disability, 77 Fed. Reg. 10,651, 10,655–57 (Feb. 23, 2012) (to be codified at 20 C.F.R. pt. 404 & 416), and the decision to recontact a physician is now within the ALJ's discretion. Thus, Pounds's suggestion that the ALJ was required to recontact Eubanks and Oden is wrong.

Fourth, Dr. Eubanks (the treating physician) provided a statement indicating "marked" deficiencies and impairments on a checklist form provided by Pounds's counsel. This is conclusory *per se*; a physician may not write a permission slip to receive SSI or DIB. Pounds also quotes a statement by Eubanks that Pounds's physical ailments exacerbate her mental impairments. This statement, in isolation, means nothing vis-à-vis the assessment of disability, so it is impossible to conclude

---

[4] The full text, with Pounds's emphasis in bold and the court's underlined, is: Ms. Pounds is currently applying for disability due to migraines, asthma, and depression. She has a history of depression but states that her current depression is primarily related to her limitation due to her asthma and migraines. She describes herself as a pretty happy person but she does not like to be away from home. **She may have some difficulty interacting with others on a dally basis in a work environment.** Her ability to respond to supervision is adequate. Her ability to learn new tasks in the workplace is adequate. She appears capable of functioning independently and is able to manage her own finances. Overall she describes her medical problems as the primary limiting factor for her to maintain regular employment. (Tr. 631).

on this basis that the ALJ failed to give appropriate weight to Dr. Eubanks's opinion.

There is no reversible error in the ALJ's handling of these opinions.[5]

## VII.   <u>CONCLUSION</u>

Based upon the court's evaluation of the evidence in the record and the parties'

submissions, the court finds that the Commissioner did not rely upon substantial

evidence in reaching her final decision. Accordingly, the decision will be

**REVERSED** and **REMANDED** by separate order.

**DONE** and **ORDERED** this 17th day of February, 2016.

<u>_(signature)_</u>

**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[5] Pounds also objected to the ALJ's consideration of Dr. Meador's opinion. The court discussed it with the asthma listing, although the ALJ erred to the extent he concluded the "great weight of the medical evidence" pushed against Dr. Meador's opinion.

13